**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

JUN 16 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARWAN ABOULHOSN,

               Plaintiff-counter-defendant - Appellant,

  v.

MERRILL LYNCH, PIERCE, FENNER & SMITH INC.,

               Defendant-counter-claimant - Appellee.

No. 13-55840

D.C. No. 2:12-cv-00891-MMM-SP

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Argued and Submitted June 2, 2015
Pasadena, California

Before: M. SMITH and N.R. SMITH, Circuit Judges and LAMBERTH,[**] Senior District Judge.

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      [**]    The Honorable Royce C. Lamberth, Senior District Judge for the U.S. District Court for the District of Columbia, sitting by designation.

Marwan Aboulhosn appeals the district court's grant of summary judgment in favor of Merrill Lynch, Pierce, Fenner, & Smith, Inc. ("Merrill Lynch") in his action under the Family and Medical Leave Act ("FMLA"). We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.

1.      The district court did not err in determining whether Aboulhosn was entitled to leave. Even though questions of fact remain as to whether Aboulhosn timely submitted the medical certification required under the FMLA, *see* 29 C.F.R. § 825.305 (2010),[1] he must nonetheless set forth a prima facie case of eligibility. *See Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1243 (9th Cir. 2014).

2.      The district court erred in granting summary judgment on Aboulhosn's claim of interference with the right to take FMLA leave.

A.      Issues of material fact exist with regard to whether Aboulhosn's father had a serious medical condition. "A serious health condition involving continuing treatment by a health care provider includes . . . [i]ncapacity and treatment . . . [or] . . . [c]hronic conditions." *See* 29 C.F.R. § 825.115(a), (c). Viewing the evidence in the light most favorable to Aboulhosn, the medical certification evidenced that Aboulhosn's father suffered from a serious health condition. Aboulhosn testified

---

[1] All references to the C.F.R. are for the regulations in effect in 2010, unless otherwise indicated.

that his father had open heart surgery in 2006 (due in part to high blood pressure). Aboulhosn's father's cardiologist provided a medical certification, asserting that (1) Aboulhosn's father suffered from high blood pressure, (2) he was required to take prescription drugs to control it, (3) he was required to make periodic visits to the cardiologist, (4) his condition was expected to continue for 6-12 months, and (5) he required 24-hour monitoring in order to provide him the proper medical care. Therefore, the record evidences genuine issues of material fact, precluding a grant of summary judgment in favor of Merrill Lynch.

B.     Issues of material fact also exist as to whether the FMLA provides protection for the type of care that Aboulhosn was providing for his father. The regulations define "needed to care for a family member" as "encompass[ing] both physical and psychological care." 29 C.F.R. § 825.124(a) (internal quotation marks omitted). We have held "that caring for a family member with a serious health condition 'involves some level of participation in ongoing treatment of that condition.'" *Tellis v. Alaska Airlines, Inc.*, 414 F.3d 1045, 1047 (9th Cir. 2005) (quoting *Marchisheck v. San Mateo Cnty.*, 199 F.3d 1068, 1076 (9th Cir. 1999)). Here, Aboulhosn's declaration affies that he was going to be "caring for [his] Father by being present, . . . [making] sure that [he] took his medication, ate and exercised." Aboulhosn also stated that he "would be the sole care provider." The

3

doctor's certification letter supports Aboulhosn's assertions, noting that Aboulhosn's father "needs [24 hour] monitoring of blood pressure and to avoid stress, need[s] someone to give medicine on a regular basis and when needed." The certification also noted that Aboulhosn's father is "not capable of tak[ing] medication when needed unless under supervision." These genuine issues of fact preclude a grant of summary judgment in favor of Merrill Lynch.

3.     Because we cannot now determine whether Merrill Lynch terminated Aboulhosn in violation of the FMLA, we decline to reach Aboulhosn's remaining claims regarding breach of contract and breach of implied covenant of good faith and fair dealing and Merrill Lynch's counterclaim.

**REVERSED and REMANDED.**